THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEO G. KASTNER, Appellant.

County Court, Monroe County, June 29, 1949.

*Anthony Miceli, District Attorney* (*Nicholas P. Varlan* of counsel), for respondent.

*Gilbert A. Nusbaum* and *Sidney K. Schoenwald* for appellant.

O'MARA, J. This is an appeal from the conviction of the defendant had in the Criminal Branch of the City Court of Rochester for a violation of section 899 of the Code of Criminal Procedure, in that he abandoned his wife and child and neglected to provide for them according to his means.

To be found guilty of the offense of being a disorderly person pursuant to the provisions of section 899 of the Code of Criminal Procedure, the defendant must commit at least one of the following essential elements, namely:

First: actually abandon his wife or child without adequate support, or

Second: leave them in danger of becoming a burden upon the public, or

Third: neglect to provide for them according to his means.

The information, upon which the defendant stands convicted, reads as follows: " Madeline L. Kastner, being duly sworn, deposes and says, that she resides at 204 Salisbury Street in the

City of Rochester, County of Monroe and State of New York: That on March 14, 1949 and previous thereto, in said city, one Leo G. Kastner was a Disorderly Person, a person who neglected to provide for his wife and one child according to his means, in violation of Section 899, subdivision 1 of the Code of Criminal Procedure of the State of New York: That deponent is the wife of defendant and there is a minor child, Mary, age 8 years, living with deponent at 204 Salisbury Street, Rochester, N. Y., this child being the issue of the marriage of deponent and defendant; that defendant was also living with his family at 204 Salisbury Street in this city (the home of defendant's mother) until July 1948 when he left; that he has not since returned but deponent received $70.00 in November 1948 from defendant, and nothing since; that defendant has been seen lately in the City of Rochester, New York; that deponent is unemployed, without money or property and dependent upon defendant for her support."

It is obvious from the reading of the complainant's information that the alleged violation of section 899 of the Code of Criminal Procedure is predicated upon the third element of the said section, namely, " neglect to provide for them according to [his] means ". The information does not set forth any facts pertaining to the " means " of the defendant. It follows, therefore, that the information is legally defective and could not be used as the basis of a successful prosecution. The words " according to his means " as used in the information are a mere conclusion and insufficient for the purpose of alleging the charge of being a disorderly person.

Even though the information did set forth the necessary and essential facts relating to the " means " of the defendant, the testimony on the part of the complainant, who was the only material witness who testified in behalf of the People, is absolutely devoid of any facts pertaining to the " means " of the defendant; and this required proof being the crux of the prosecution, the conviction cannot stand.

It is the judgment of this court that the information is fatally defective for the reason above stated and that there was a total failure of proof on the part of the People as to the " means " of the defendant.

The judgment of conviction is reversed and the information dismissed.

Submit order accordingly.