John H. Galloway, ;Jb., J.
This is an appeal by defendant from a judgment of conviction, rendered On January 20, 1961 in the Court of Special Sessions of the Town of Lewisboro; on an iñfórmátion charging him with being á disorderly person as defined in subdivision 1 bf section 899 of the Codé of Criminal Procedure. The compláinánt is defendant’s wife.
Her information, swdrn to ori November 14, 1960, charges her husband with being a disorderly person “ according to Section 899 of the Criminal Code, for that he has actually abandoned his wife without adequate support, and hás left her in dánger of becoming a burdén upon the public; and he neglects to provide for her according to his means; Depóneht flirthef says that for several days last past he has actually abandoned her *751 without adequate support, and left her in danger of becoming a burden upon the public, and that such wife is not possessed of property or of the means of obtaining a livelihood without the aid of such husband ’ b
Complainant advised the court below that she relied only on the charge that defendant had ‘ ■ neglected to provide for her according to his means ”, and the case was tried and decided accordingly. Upon conviction defendant was ordered to give security, and did so, in the amount of $1,560 to pay complainant the sum of $30 per week for a period of one year, the obligation thereunder to commence only upon the affirmance of the judgment or upon dismissal of the appeal for failure to prosecute. The trial was held on December 9, 1960.
Defendant’s assignments of error argued on the appeal are:
1. The Court of Special Sessions of the Town of Lewisboro did not acquire jurisdiction of the person of defendant, because initially nó warrant had been served upon him, and the warrant thereafter served on him in the court was served prior to complainant’s swearing to the information;
2. The offense having been allegedly committed in the Town of North Salem, the court of the Town of Lewisboro had no jurisdiction of the subject matter of the action;
3. The information is defective on its face, because it fails to allege any facts pertaining to defendant’s means or to allege facts sufficient to constitute an offense;
4. The People failed to prove a prima facie case on the merits, and to prove defendant’s guilt beyond a reasonable doubt;
5. The trial court erred (a) in failing to allow proof of complainant’s financial status, and (b) in failing to allow her impeachment on cross-examination; and
6. The decision below erroneously directs payment of a specified sum direct to complainant.
•These facts are not in dispute :■ complainant and defendant have lived together as husband and wife since their marriage in 1929. They own a home in Groton Falls as tenants by the entirety, in which they had resided together for. a number of years and were still so residing at the time of the trial. The husband has been employed for 44 years by the New York Central Railroad Company at its Brewster yards, and is now a plumbing sheet metal foreman. He earns about $78 per week net after withholdings. The wife is employed at the Reader’s Digest in Pleasantville, earning about $45 per week net.
It appears from the record below that in August, 1960 the defendant, who. had theretofore always deposited his full weekly pay check in his and his wife ?s joint checking account, became *752 reluctant to continue that practice, for reasons not disclosed therein. Husband’s and wife’s earnings had been used in the maintenance of their home and household. From the first of August to the date of trial defendant admittedly had not paid for any food but he had paid by check all other household bills which were presented to him, for fuel, dairy products, electricity, gas, rug cleaning, telephone, life insurance premiums on two $1,000 policies in which the wife was the beneficiary, and real estate taxes, amounting in all to about $400, the last check payments testified to being on December 5, four days prior to the trial. Since September 2, defendant had been eating his meals out, after he had been told by his wife that if he did not send his railroad money to the joint checking account he could not eat in the house. As of August 1, 1960 their joint account showed a balance of $1,123. As of September 1, the wife had transferred the August 31 joint account balance of $580 to an account in her name alone, which on September 30 showed a balance of $543. For a period of three weeks from November 14, defendant was laid off work and at the time of trial had not been paid for such time by the railroad or his union.
We consider the specifications of error seratim:
1. We find that the original information was sworn to on November 14, 1960 and resworn to before the Trial Justice on December 9, 1960 and the warrant issued thereon by the same Justice was thereupon served upon defendant by a State Trooper — all in substantial compliance with section 900 of the Code of Criminal Procedure, and that the court below properly acquired jurisdiction of the person of the defendant.
2. Although the parties were residents of the Town of North Salem, and the alleged offense was committed in that town, one of its Justices of the Peace was disabled physically from holding court, and the other was disqualified because of his representation of the wife. The court below in the Town of Lewisboro clearly had jurisdiction of the subject matter of the action, pursuant to subdivision 29-a of section 56 of the Code of Criminal Procedure, which provides:
“ Courts of Special Sessions, outside the city of New York, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors, offenses * * * committed within their respective counties, as follows: * # * “ 29-a. * # * and all other offenses not constituting crimes”. (Emphasis supplied.)
It follows that the matter was properly brought before and tried by the Justice of the Peace of the Town of Lewisboro. (Cf. People v. Robinson, 5 Misc 2d 176; trial of a misdemeanor *753 by Justice of the Peace of a town not the town in which same was committed.)
3. In our opinion the information alleges the offenses charged substantially in the language of the statute (Code Crim. Pro., § 899, subd. 1) and fairly informs the defendant of the offenses charged with sufficient certainty, and the information is therefore sufficient. Similar pleadings under this statute have been held valid and sufficient. (People v. Ensser, 27 N. Y. S. 2d 12, 13; People ex rel. Boynton v. Leiby, 52 N. Y. S. 2d 493, 495; People v. Grogan, 260 N. Y. 138.) The strictness with which an indictment is drawn is not required in drawing an information. (People v. Leiby, supra; People v. Pillion, 78 Hun 74.) Defendant relies on People v. Kastner (195 Misc. 374) which held that an information charging accused with neglect to provide for wife and child according to his means, but which failed to set forth any facts pertaining to defendant’s means was fatally defective. This decision appears to represent the minority view among the authorities on the subject, and is not determinative in this instance.
4. We turn now to defendant’s next contention that the People failed to prove a prima facie case on the merits and to prove defendant’s guilt beyond a reasonable doubt.
A proceeding under subdivision 1 of section 899 of the Code of Criminal Procedure is a special proceeding of a criminal nature. A violation of the statute, although not a misdemeanor or a felony, is an offense which is summary and penal in nature, and must be clearly proven and the statute strictly construed. (People v. Butler, 18 Misc 2d 904.)
In People v. Pryor (119 N. Y. S. 2d 315), City Judge Fiobillo wrote, in a similar prosecution for neglect to provide for a wife according to defendant husband’s means, at page 318: “ I am unable to find any case holding that a husband is a disorderly person under Section 899, subdivision 1, supra, when he has failed to pay any monies to a wife who is employed and has an income which has not been shown to be insufficient for her proper needs. * * * It appears that in every case of a conviction under section 899 the wife was in need of assistance, and it is my opinion that in order to sustain such a conviction both of the following elements must be established beyond a reasonable doubt: (1) The ability of the husband to provide (2) the need of a wife for support.”
It appears from our reading of the record below that in essence the complainant’s case comes to this: that defendant has refused to comply with her demand that all of his weekly pay check be deposited in their joint checking account; that she would not *754 be satisfied with less; that unless he accedes to this demand he cannot eat in his own house; and that, for reasons neither of them disclosed on the trial, he declines to do so and has accepted the alternative she imposed of not eating at home. Complainant admits that her husband had been "paying the household bills, up to within four days of the trial, excepting only that he had not provided money for food (for her to eat, since he is barred from eating at home).
There is no proof whatsoever that defendant has otherwise refused or failed to maintain his and complainant’s home, in which they both still resided on December 9, 1960, or that he intended thereafter to discontinue such maintenance.
This record reveals that there are more serious matrimonial difficulties between these parties than the immediate occasion for this proceeding, but it fails in our judgment to establish beyond a reasonable doubt that defendant had neglected to support his wife according to his means (People ex rel. Pryor v. Pryor, supra; People v. Kastner, supra; People v. Chlebowy, 78 N. Y. S. 2d 596, 599) and the information should have been dismissed on this ground.
As Judge Figbillo said in People v. Pryor (supra p. 319): “ It ha,s been clearly established by numerous decisions that criminal courts have not, and may not, assume the power to settle the matrimonial difficulties which appear here. * f * I believe that the sole intent of Section 899, Subdivision 1 of the Code of Criminal Procedure is to protect needy wives and children.”
Subdivision 1 of section 899 was not enacted to settle matrimonial differences or as a substitute for an action of separation. Its object is to prevent the family from becoming a public burden. (Welch v. Welch, 261 App. Div. 371.)
We believe the record here makes apposite the language and views of the Court of Appeals in People v. Schenkel (258 N. Y. 224, 226): “ So long as a husband is willing to support his wife in his home, he ■ cannot be made a vagrant and disorderly person, and held amenable to this statute by not complying with any condition, in respect to support which the wife may see fit to impose $ $ * ’ (People v. Pettit, 74 N. Y. 320, 324.) The criminal courts are not the proper forum for determination of marital disputes ’
In view of our conclusion here reached, it is unnecessary to consider the remaining specifications of error above related.
The judgment of conviction is reversed, on the law and facts the information dismissed and the defendant and his sureties are discharged.