Joseph A. Cox, S.
In this proceeding to revoke letters testamentary, the trial is in progress before this Court and a number of hearings have been held. Fourteen days before the date upon which a further hearing is to be held, the petitioner served a notice to admit facts pursuant to section 322 of the Civil Practice Act. The respondent, a coexeeutrix, has moved for an order “ requiring petitioner to withdraw the notice to admit for the reason that it was not timely served.”
The respondent urges that the trial is already in progress and that the statute calls for the service of a notice to admit “ not later than ten days before the trial.” The Surrogate’s Court, sitting without a jury, hears involved matters at intervals to accommodate parties and counsel when the issues involved in a particular proceeding warrant this practice. The court construes the time requirement of section 322 as intended to provide an adequate notice prior to the time of going to trial and there would appear to be no basis for an arbitrary distinction between an initial trial hearing and an adjourned trial hearing so long as adequate notice has been given and the issue in respect of which admissions are requested has not in fact been tried. This thinking would seem to be applicable whether the request is served pursuant to subdivision 1 of section 322 (requiring 10 days notice) or subdivision 1-a (requiring 3 days’ notice).
The movant also raises a question as to the reasonableness of the demand. In this connection it has been held that there is no provision in section 322 for determining the propriety of the notice by preliminary motion (Matter of Robbins, 201 Misc. *17 725). It is the opinion of this court that a reasonable interpretation of the statute suggests that a ruling now be made as to the 46 items as to which admissions are requested. The trial is in progress before this court and, as the trier of the facts, it will have to ultimately rule as to the propriety of the requests. There seems to be no sound reason why that ruling should be deferred merely to inconvenience the parties.
Subdivision 1 of section 322 of the Civil Practice Act now contains new language permitting a request for admission “ of the truth of any relevant matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial ” (italics supplied.) In reporting on the addition of the italicized language to the statute the Seventh Annual Report of the New York Judicial Council (1941, pp. 307-308) says:
“ It is well recognized that the purpose of the notice to admit procedure is ‘ to expedite trial and to relieve parties of the cost and labor of proving facts which will not be disputed on the trial This purpose is certainly not served by allowing a party to call upon his adversary to admit detailed items of evidence of a controversial nature. The purpose of the notice to admit procedure is not to obtain information, but to eliminate from the issues matters which will not really be in dispute at the trial. If the purpose of the party making the request is to obtain information, he can do so much more effectively by means of an examination before trial or by means of an order for discovery and inspection. * * *
‘ ‘ The practice of employing the notice to admit in connection with detailed and disputed items of evidence has been criticized by the courts, and it has been noted that resort to such a practice tends to make the entire procedure unworkable; but no remedy has heretofore been devised to guard against such practices. In the new section proposed above it has accordingly been deemed advisable to provide, among other things, that a request for an admission can be made only in connection with a matter ‘ as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial
This court recently construed the statute in like vein in Matter of Collins (32 Misc 2d 754). Applying these standards to this notice, the court finds that items 10,11, 40 and 41 are reasonable and will be answered. The respondent will not be required to answer other items. The required answers will be served on or before February 13, 1962.