Louis B. Heller, J.
Motion by plaintiffs for an order extending their time to answer defendant’s request for admission of facts, pursuant to section 322 of the Civil Practice Act.
The action is to recover on a life insurance policy issued by the defendant in January, 1957. The insured died on March 28, 1958. The summons and complaint were served on September 24, 1959 and defendant’s answer on December 18, 1959. After a conference between the attorney for the plaintiffs and the attorneys for the defendant, on February 8, 1960, the demand for admission of certain facts was served on plaintiffs on February 10, 1960. Plaintiffs failed to comply with such request. In October, 1961 plaintiffs’ trial counsel was retained and on November 2, 1961 requested defendant’s counsel to stipulate to extend plaintiffs ’ time to comply with the notice to admit. On November 3, 1961, defendant, by letter, refused plaintiffs’ *349 request. Nothing further was done until the present motion was served on February 2, 1962.
Section 322 of the Civil Practice Act governs the practice with respect to requesting a party to admit certain facts and provides that the “matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than eight days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters ’ ’.
In Langan v. First Trust & Deposit Co. (270 App. Div. 700), the court pointed out at page 703: “The enactment of the present section 322 and the repeal of the former sections 322 and 323 resulted from certain recommendations made by the Judicial Council of the State of New York to the Legislature in its report for the year 1941. (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 303-319.) The purpose of such legislation both of repeal and enactment was to make more effective the procedure to compel adverse parties to concede uncontroverted facts which would be material to the matter under litigation.” And at page 705: “The contents of such report show that the Judicial Council made its recommendation for the change because the then sections 322 and 323 of the Civil Practice Act were little used as it lacked * practical means to compel its enforcement ’ and on its employment1 it is frequently ignored by the party upon whom the request is served (P. 306.) It is evident from the report that one of the main objects of the recommendation of the Judicial Council was to 1 put teeth ’ into the procedure so that proper admissions could be secured and delays in litigation be avoided.”
In determining this motion the court must give consideration to the purpose which compelled the enactment of section 322 and should not by its decision defeat the purpose for which the section was enacted. The recitals herein show that from February 10, 1960 until November 3, 1961 no attempt was made by plaintiffs to comply with the request to admit; that in October, 1961 trial counsel was retained and on November 2 sought an extension of time to comply with the request, which was refused by defendant’s counsel on November 3, 1961. This was some 21 months after the request to admit had been served. Notwithstanding that plaintiffs were in default for such a long period of time, this motion was not brought on until three months after defendant refused to extend plaintiffs’ time.
*350 The moving papers fail to show any justifiable excuse for plaintiffs’ failure to comply with the request, although many of the items called for could have been disposed of with no or very little inquiry. Even at this late date plaintiffs have failed to make any attempt to comply or submit proposed admissions or denials. While plaintiffs argue defendant has not been prejudiced by the failure to admit, defendant urges that by reason of the failure to comply with the request and the fact that the items were thereby deemed to be admitted, pursuant to section 322 of the Civil Practice Act, defendant did not take steps which it could or might have done had the request been complied with, such as an examination before trial or to compel plaintiffs to reply to the affirmative defenses, or other procedural remedies, such proceedings not being necessary in view of the admissions under section 322.
The court is of the opinion that plaintiffs’ default is not excusable and the motion to extend the time to comply with the request to admit is denied.