■ JOHN CLARK et al., Appellants, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— In an action by the beneficiaries of a life insurance policy to recover the face amount thereof, plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 27, 1962, which denied their motion to extend their time to serve a response to defendant's written request for certain admissions, such request having been made pursuant to section 322 of the Civil Practice Act. Order reversed, with $10 costs and disbursements, and motion granted. The plaintiffs' time to serve a response to defendant's written request is extended until 30 days after entry of the order hereon. Although the request for the admissions was served almost two years prior to the date of the instant motion, defendant has not been substantially prejudiced by the delay in plaintiffs' failure to respond. Such failure was due to the plaintiffs' attorney's oversight which, in our opinion, is excusable under the circumstances here (*Municipal Metallic Bed Mfg. Corp.* v. *Dobbs*, 253 N. Y. 313, 317; *Gallo* v. *Bosco*, 13 A D 2d 982; *Rusnak* v. *Doby*, 267 App. Div. 122; *Allen* v. *Fink*, 211 App. Div. 411, 415; *Gideon* v. *Dwyer*, 17 Misc. 233, affd. 7 App. Div. 608 and 12 App. Div. 629; *Dukas* v. *Tolmach*, 142 N. Y. S. 2d 176; *Matter of Moroney*, 118 N. Y. S. 2d 349; *Connolly* v. *Charlton Co.*, 118 N. Y. S. 2d 229). In the interest of justice, plaintiffs should now be afforded an opportunity to serve the response, as required by the statute (Civ. Prac. Act, § 322), to the defendant's request for admissions. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur. [33 Misc 2d 348.]

■ In the Matter of FRED A. CASTELLUCCIO, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act, to annul a determination of the State Liquor Authority, made February 10, 1961 after a hearing, which cancelled petitioner's restaurant liquor license. By order of the Supreme Court, Rockland County, made June 9, 1961 pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination annulled, with $50 costs and disbursements to petitioner; and petition granted and license reinstated with directions to the State Liquor Authority to make such reinstatement effective forthwith. Accrediting the testimony of the witnesses produced by the respondent Liquor Authority, it appears that on July 29, 1960 5 to 10 patrons in a barroom and 3 or 4 patrons in a dining room of the petitioner's establishment audibly used vulgar and obscene words; and that on September 3, 1960 a man on the premises, described as effeminate, was independently subjected by each of two patrons to assault in the nature of horseplay and that one of them surreptitiously applied a lighted match to his shoe. In our opinion such spontaneous and isolated episodes, absent the proprietor's indulgence, do not warrant the loss of petitioner's license. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.