Fred J. Munder, J.
The plaintiffs, long after filing their note of issue and statement of readiness, have served upon the defendants, Lush, a notice to admit the truth of the following facts: . j - J i,i¡
“ 1. That on the 13th day of May, 1962, at or about 5:50 a.m., the defendant, harry lush was operating his vehicle in an easterly direction on Jericho Turnpike, Huntington Station, New York.
“ 2. That at the aforesaid time and place, the motor vehicle the said harry lush was operating, was in collision with a 1956 Chevrolet operated by the defendant, jule Audrey carretta, at the intersection of New York Avenue and Jericho Turnpike, Huntington Station, New York.
“ 3. That on the aforesaid time and date, the infant plaintiff, louis thomas rovegno, was a passenger in the vehicle being *580 operated by the defendant, harry lush, when the aforesaid collision occurred. ’ ’
The defendants move for a protective order ion the ground that upon filing their statement of readiness the plaintiffs waived their right to all preliminary procedures including a notice to admit.
The rule of the Appellate Division, Second Department, relating to statements of readiness (part 7, rule II) includes among the preliminary procedures to which it applies those available under article 31 of the CPLR. The provision for a- notice to admit is found in article 31, but in a numbered section, not a rule, of the CPLR. That section (CPLR 3123) permits the service of such a notice at any time not later than 20 days prior to the tidal. Only the Legislature may amend or rescind such a section ('CPLR 102). If it were a rule of the CPLR the Judicial Conference might amend or rescind it subject to a right of the Legislature to disapprove the change. (Judiciary Law, § 229, subd. 3.)
The rule making power of the Appellate Division, in general, as in section 216 of the Judiciary Law, or for calendar control, as in CPLR 3401, is limited to an authority to make rules which are not inconsistent with existing statutes. (Lambert v. Lambert, 270 N. Y. 422.) The construction now sought to be placed on rule II of part 7 of the Appellate Division, Second Department Rules would require a holding that the calendar rule amended and abridged the statutory provision as to a notice to admit. Such a construction inconsistent with the existing statute may not be given to the rule.
In the instant case the notice having been served more than 20 days before trial was timely served. The statutory procedure was not affected by the calendar rule and was not waived by the filing of the statement of readiness. The motion is therefore denied.