J. Irwin Shapiro, J.
This is an application by the defendant and third-party plaintiff “ for a protective order as provided in Section 3103 of the Civil Practice Law and Buies, to the effect that defendant, wilmod company, inc., not be required to answer the questions in the ‘ Notice to Admit ’ as such questions do not relate to this law suit ”.
CPLR 3103, under which the defendant makes this application, provides for the making of a “ protective order denying, limiting, conditioning or regulating the use of any disclosure device ’ ’ when it is necessary “to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.”
The notice to admit in this case is based upon CPLR 3123 which deals with “Admissions as to matters of fact, papers, documents and photographs ” and it does not contain any provision for its limitation or vacation if the party, upon whom the notice to admit facts is made, deems it onerous. Subdivision (c) of CPLR 3123 provides as follows: “ (c) Penalty for unreasonable denial. If a party, after being served with a request under subdivision (a) does not admit and if the party requesting the admission thereafter proves the genuineness of any such paper or document, or the correctness or fairness of representation of any such photograph, or the truth of any such matter of fact, he may move at or immediately following the trial for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney’s fees. Unless the court finds that there were good reasons for the denial or the refusal otherwise to admit or that the admissions sought were of no substantial importance, the order shall be made irrespective of the result of the action. Upon a trial by jury, the motion for such an order shall be determined by the court outside the presence of the jury.”
CPLR 3123 in its entirety is substantially unchanged from former section 322 of the Civil Practice Act except for the extension of time contained in subdivision (a). The cases under the Civil Practice Act must be deemed applicable here because of the sameness of the two sections unless CPLR 3103, under which this motion is made, provides a method to attack the notice to admit. Under the Civil Practice Act it was held that a party who fails to admit or deny because he thinks such a course justified does so at his own risk because only the trial court, and not Special Term, has authority to determine whether or not the request was unreasonable. (Belfer v. Dictograph Prods., 275 App. Div. 824; Lang an v. First Trust & Deposit Co., 270 App. Div. 700, affd. without opn. 296 N. Y. 1014.)
*204 In this regard GPLR 3123 and its predecessor, section 322 of the Civil Practice Act, differ from rale 36 of the Federal Rule of Civil Procedure, upon which CPLR 3123 is based, since the Federal rules provide for a hearing at the ‘ ‘ earliest practicable time ” of objections made to the notice to admit.
In 3 Weinstein-Korn-Miller, New York Civil Practice, paragraph 3123.09, it is stated: ‘ ‘ There is the possibility of a preliminary test of the reasonableness of demands in some unusual situations pursuant to GPLR 3103. ’ ’
While the language of CPLR 3103 is apparently all encompassing, I do not believe that it permits an attack in advance of trial upon a notice to admit since, with knowledge of the foregoing decisions which do not permit an attack upon a notice to admit, CPLR 3123 was carried over from section 322 of the Civil Practice Act without any substantial change.
In 3 Weinstein-Korn-Miller (par. 3103.04), it is also stated that “ Nevertheless, CPLR 3103 does, to a limited degree, permit the court to rule in advance on demands to admit.” There is cited for that statement Padlon v. Reynolds (N. Y. L. J., Sept. 17, 1962, p. 16, col. 3). That decision was handed down before the enactment of the CPLR and it opined that the proposed (col. 4) “ new legislative expression with regard to disclosure will soon give the court a much greater and immediate control over all forms of disclosure devices ’ ’. In coming to that conclusion the court cited pages 124 and 157 of the First Preliminary Report of the Advisory Committee (N. Y. Legis. Doc., 1957, No. 6[b]). I have examined that tentative draft and find nothing therein to substantiate the conclusion reached by the learned Justice at Special Term in the case cited insofar as a notice to admit is concerned. If anything, it shows an awareness by the Temporary Commission on the Courts, which was drafting the proposed legislation, that there had been complaints about the Civil Practice Act notice to admit section because it did not permit an application before trial to determine whether a request or a refusal to admit was justified. I ai-n of the opinion that if the drafters of the CPLR had intended to permit an attack upon a notice to admit in advance of trial, they would not have left it to be inferred by the utilization of the so-called all-encompassing language of CPLR 3103.
Nor is the conclusion of Weinstein-Korn-Miller persuasive in that regard when it says that that rule ‘ ‘ does, to a limited degree, permit the court to rule in advance on demands to admit ” (par. 3103.04). If their conclusion is that CPLR 3103 could be utilized as a vehicle to limit, modify or vacate a notice to admit in advance of trial, I do not perceive upon what theory *205 they come to the conclusion that it could be utilized only “toa limited degree ” for that purpose. If CPLB 3103 is deemed applicable to a demand to admit made under CPLB 3123, then it should be available for all of the reasons mentioned in CPLB 3103 and not only “ to a limited degree
It may well be that the CPLB requires amendment to permit a pretrial attack upon a notice to admit to avoid unnecessary or unjustifiable risk to a person who is asked to comply with such a demand, but that is a matter for legislative determination and not for judicial legislation.
Without considering the merits therefore and solely as a matter of law upon the ground that a protective order provided for in CPLB 3103 may not be obtained to vacate or limit a notice to admit served under CPLB 3123, the motion is in all respects denied.