Saul S. Streit, J.
Motion to vacate and strike plaintiff’s notice to admit is granted.
The subject notice consists of more than 300 separate items, subdivided in 44 paragraphs of a 29-page, single-spaced type *516 written document. Even a cursory examination of these papers establishes that, as a whole, the notice in question is patently burdensome, unnecessarily prolix, and unduly protracted.
Likewise, it is obvious that plaintiff’s notice to admit violates the scope and intendment of CPLR 3123 (formerly Civ. Prac. Act, § 322), which governs the application for and use of such admissions. The purpose of the notice to admit procedure is not to obtain information in lieu of other disclosure devices, such as the taking of depositions and examinations before trial, but is intended only to eliminate from the issues in litigation matters which will not really be in dispute at the trial. Thus, unlike many of the items set forth in plaintiff’s notice, requests for admissions are not intended to cover ultimate conclusions which can only be made after a full and complete trial (see CPLR 3123; Matter of Kelly, 33 Misc 2d 16; Matter of Collins, 31 Misc 2d 754; see, also, Seventh Annual Report of N. Y. Judicial Council, 1954, pp. 307-308; Dukas v. Tolmach, 2 A D 2d 57, 60; Easley v. State of New York, 10 Misc 2d 370, 374; Clark v. Prudential Ins. Co. of America, 33 Misc 2d 348, revd. on other grounds 18 A D 2d 1090; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3123.05).
Similarly, in the instant matter, the number, the detailed complexity, the minutia and, in many instances, the repetitiousness of the substance of the requests made by plaintiff clearly demonstrate that, in reality, he seeks information which may be properly obtained, if at all, by way of deposition rather than by requested admissions. The practice of employing the notice to admit in connection with detailed and disputed items of evidence has frequently been the subject of serious judicial criticism, which is particularly applicable here (see Seventh Annual Report of N. Y. Judicial Council, supra; Solof v. City of New York, 181 Misc. 956; Dukas v. Tolmach, supra).
Moreover, rather than dealing with uncontroverted evidence, as intended by CPLR 3123, the more than 300 listed items here involved are .replete with requests for trivia and for other matters which are either wholly or partially immaterial to the issues of the pending action, incompetent (such as privileged matter), or concern themselves with allegations known to be seriously disputed by General Motors.
It is to be noted that if plaintiff’s notice to admit were permitted to stand in its present form, it would, in effect, serve as a method of enabling plaintiff to obtain, improperly, a priority of examination to which General Motors is concededly entitled, both by operation of law (CPLR 3106) and by stipulation among counsel for the respective parties.
*517 Thus, in order to avoid such illegal and inequitable consequence, this defendant’s time to comply with any notice to admit served upon it by plaintiff will be deferred. In no event will General Motors be compelled to answer such request for admissions until 20 days before trial, and provided that all pretrial procedures by all parties to the pending action are completed, including the filing of a statement of readiness and note of issue. This additional time to answer, specifically permitted by the applicable provision of CPLE 3123 (subd. [a]), will avoid any subsequent use by plaintiff of a similar notice to admit as a ruse or effort to obtain unwarranted disclosure priority.
Contrary to plaintiff’s contention, the court holds that the provisions of CPLE 3103 are applicable to a notice to admit, notwithstanding the decision in Schwartz v. Macrose Lbr. & Trim Co. (46 Misc 2d 202), cited and relied on by plaintiff. It is significant that as of this date there does not appear to be any appellate court decision in point. Nevertheless, despite the holding of the Schwarts case to the effect that CPLR 3103 is inapplicable to CPLR 3123 in advance of trial, in my opinion it clearly appears from an analysis of CPLR 3103 (subd. [a]) that a protective order may now be granted with respect to a notice to admit before actual trial.
First, it is to be noted that a notice to admit is a discovery device specifically enumerated in the disclosure article of the CPLR (art. 31, CPLR 3102, subd. [a]). Second, the inclusion of CPLR 3123 within the framework of this disclosure article, coupled with the court’s extensive discretionary powers over all disclosure proceedings (CPLR 3103), must be deemed to have the effect of overruling prior case law under section 322 of the Civil Practice Act, as cited in the Schwarts opinion (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.04. 1966 “ Supplementary Practice Commentary ”, CPLR 3103, David D. Siegel, 1966 pocket part, in McKinney’s Cons. Laws of N. Y., Book 7B, CPLR; 40 St. John’s L. Rev., 160 [1965]).
Significantly, CPLR 3103 (subd. [a]), unlike its predecessor, section 322 of the Civil Practice Act is extremely broad in its language. It states, in pertinent part, as follows: “ (a) Prevention of abuse. The court may at any time * # * make a protective order denying, limiting, conditioning or regulating the use of any disclosure device ” (emphasis added).
This language, clearly and unequivocally, now permits a court to rule in advance of trial or “ at any time ” on demands to admit, as well as on “ any [other] disclosure device ” under article 31 of the CPLR, as above noted. Seemingly, this broad provision, in and of itself, serves to refute the determination *518 of the ease relied on by plaintiff. Moreover, it is noteworthy that there are other Special Term decisions, apposite to the Schwartz case, which support the contrary conclusion reached here (see Ballenger v. Ballenger, N. Y. L. J., Jan. 21, 1964, p. 15, col. 7 [Sup. Ct., Queens County, Roe, J.]; Ballenger v. Ballenger, N. Y. L. J., April 3, 1964, p. 15, col. 5 [Sup. Ct., Queens County, Tessler, J.] ; see, also, Padlon v. Reynolds, N. Y. L. J., Sept. 17, 1962, p. 16, col. 3 [Sup. Ct., Suffolk County, Munder, J.]).
Undoubtedly, in view of the function and history of requests for admissions, the relatively new power of Special Term to prevent or limit the use of the notice to admit should be sparingly exercised. Nevertheless, in an extreme case such as the matter at bar, where, as hereinabove stated, it clearly appears that the notice in question is burdensome, unnecessarily detailed, prolix, replete with immaterial and irrelevant demands and seeks information far beyond the scope and intendment of this disclosure procedure, justice and equity mandate that the court unhesitatingly apply the provisions of CPLR 3103 (subd. [a]) to vacate and strike such notice at any time such relief is sought by the aggrieved party.