Joseph P. Sullivan, J.
Defendants’ motion for a protective order in this negligence action to recover for personal injuries and property damage is granted to the extent that all the items in the notice, with the exception of numbers 4, 5, 6, 8, 24, 26, 31, 32 and 33 are stricken. Although the motion is not directed to items 1 through 10, it appears from a review of the pleadings that the admissions requested in items 1, 2, 3,. 9 and 10 are admitted in defendants’ answer. The latter therefore are stricken on the grounds that a party should not be called upon to admit or deny what has already been admitted by his pleading.
All the other items to which the court has sustained objection are stricken because they do not meet the test of reasonable belief by the requesting party that there can be no substantial dispute as to the truth of the matters of fact set forth in the request (CPLR 3123, subd. [a])[1] or they are not of such a nature that proof thereof at trial would be expensive or time-consuming so as to invoke the sanction which is provided for in the event of an unreasonable denial (CPLR 3123, subd. [c]). An example of the latter type of request is best exemplified by the following: “11. At the time of the accident the roadway was level. 12. At the time of the accident the roadway was straight. 15. At the time of the accident the weather was clear. ’ ’
It should be noted that plaintiff will, no doubt, testify to the above-quoted matters, if such be the fact, with or without an admission thereto. So the court sees little to be gained in the *84 way of simplifying fact issues for trial by admitting to these requests. If anything, this type of request only serves to create additional and unnecessary work for counsel in an area of practice already encumbered by too much paperwork.
Furthermore, it appears that the stricken items seek to elicit information which would be an apt subject of inquiry at an examination before trial. It is not the purpose of a notice to admit to obtain information in cases where other disclosure devices are available (Nader v. General Motors Corp., 53 Misc 2d 515, affd. 29 A D 2d 632).
It is for this reason that the court finds little persuasive impact in the serving party’s argument that the request may be answered by a simple affirmative or negative response. This still places upon the party served the burden of determining the nuances of the various requests and the effect of an unequivocal answer or, alternatively, the form and content of an appropriate qualification or explanation. The CPLR has provided the machinery for the broad type of fact disclosure which the requesting party seeks by the notice herein. It is through deposition, where the party examined will have an opportunity to challenge the propriety of the form of the questions propounded and the examining party, as a matter of reciprocal right, will be entitled to answers, responsive and given in accordance with the tenor of the questions.
If the stricken items were allowed to stand, the requesting party, in effect, would enjoy the benefit of an examination before trial conducted in circumstances where each and every inquiry is in the nature of a leading question. Justice and fair play dictate that this should not be allowed.
The items sustained all appear to state facts which meet the test of nondisputability or of being of such nature that proof thereof would be expensive or a time-consuming formality at trial.
Answers to the notice, as modified herein, are to be served within 20 days after publication of this order.

. An example of this type of request is as follows: “21. The defendant did not see the plaintiff’s vehicle until the accident occurred.”