Stanley L. Sklar, J.
The motion is being decided on copies of the papers furnished by counsel, the originals evidently having been lost in transit.
*760 Defendants move to strike a notice to admit facts served by plaintiff after plaintiff served a notice of trial and the "statement of readiness” required by paragraph (2) of subdivision (a) of section 2900.16 of the Rules of the Civil Court of the City of New York (22 NYCRR 2900.16 [a] [2]) which states:
"(a) The notice of trial * * * shall have indorsed on its face a statement * * *
(2) That all preliminary proceedings allowed by any applicable rule or statute have been completed by all parties, or, if not completed, either that there has been reasonable opportunity to complete them, or that the parties do not intend to conduct them.” Defendants argue that a notice to admit is a preliminary proceeding, that plaintiff’s statement of readiness certified that all preliminary proceedings had been completed, and that plaintiff is therefore barred from serving a notice to admit.
CPLR 3123 authorizes the service of a notice to admit. Subdivision (a) explicitly authorizes the service of a notice to admit "not later than twenty days before the trial”. The same subdivision states that the matters set forth in the notice shall be deemed admitted unless, within 20 days after service of the notice, the party to whom the request is directed either denies the matters of which an admission is requested or explains why he cannot truthfully either admit or deny those matters. It is evident that the requirement of serving the notice not later than 20 days before the trial is keyed to the period during which the party to whom the request is directed may respond. That is, CPLR 3123 is designed to permit the service of a notice to admit through the last practicable day.
The purpose of a notice to admit is not to obtain new information. (See Nader v General Motors Corp., 53 Misc 2d 515, affd 29 AD2d 632.) Rather, it is designed to eliminate the need for proof of matters as to which there can be no substantial dispute, thereby shortening the trial and lessening its expense. (Barnes v Shul Private Car Serv., 59 Misc 2d 967; 3A Weinstein-Korn-Miller, NY Civ Prac, § 3123.)
In order to serve that purpose, a notice to admit is authorized even in a special proceeding, although the time to respond to the notice is shortened to three days. (CPLR 408.)
In fulfilling that purpose, a party has even been permitted to serve a notice to admit between trial hearings. (Matter of Kelly, 33 Misc 2d 16.)
*761 One court considered whether a notice to admit could be served after the service of a statement of readiness or was barred by the provision of the Second Department’s former statement of readiness rule which referred to the preliminary proceedings available under CPLR article 31. In Rovegno v Lush (45 Misc 2d 579) the court held that the notice could be served. The court stated, as one basis for its ruling, that, the court rule could not be construed as inconsistent with a statute, namely CPLR 3123. Unlike the former Second Department rule, paragraph (2) of subdivision (a) of section 2900.16 of the Civil Court Rules (22 NYCRR 2900.16 [a] [2]), quoted above, does not refer to article 31 but only to preliminary proceedings.
Since the trial shortening purpose of CPLR 3123 would be frustrated by striking the notice to admit, without any concomitant advantage to defendants, the motion to strike the notice to admit is denied. Defendants shall respond to the notice to admit served by plaintiffs as if it were served on the same day as service of a copy of the order, with notice of entry.
The Bar is cautioned against waiting until the last possible moment before serving a notice to admit, since the trial calendar of the Civil Court is practically current. (Sherman v Stack, 86 Misc 2d 219.)