OPINION OF THE COURT
Memorandum.
Order affirmed, without costs.
On January 11, 1988, the case was marked off the Trial Calendar because of the nonappearance of plaintiff’s counsel. A week before the anniversary date, on January 4, 1989, plaintiff applied, by motion returnable January 23, 1989, for restoration of the case to the calendar. Her counsel affirmed that on the day of the calendar call he had mechanical difficulties with his car and that when he arrived the court was no longer in session. The court denied restoration on the ground that the action had been automatically dismissed pursuant to CPLR 3404 on January 11, 1989, the anniversary date of its being stricken from the calendar. The denial was stated to be without prejudice to the bringing of a motion "to vacate the dismissal upon showing excuse for the failure and merit”. Thereafter the court granted plaintiff’s ensuing motion, vacated the dismissal and restored the case to the calendar upon the filing of a new notice of trial and the paying of the fee therefor.
Defendants appeal. They argue that the grant of vacatur was an abuse of discretion in view of the stricture of CPLR 3404 that when a case is marked off the calendar "and not restored within one year [it] shall be deemed abandoned and * * * [t]he clerk shall make an appropriate entry without necessity of an order”. They contend that if by the anniversary date of the striking from the calendar the case has not been restored, the CPLR 3404 presumption of abandonment may be overcome only by a high degree of proof as to, inter *643 alla, excusability and lack of prejudice (Monacelli v Board of Educ., 92 AD2d 930), and that plaintiffs proof did not meet that test.
Plaintiff responds that 22 NYCRR 208.14 (c) of the Uniform Rules for Trial Courts is the controlling authority. This states, in relevant part: "Actions stricken from the calendar may be restored to the calendar * * * by motion * * * made within one year after the action is stricken * * * explaining the reason for the action having been stricken”. Plaintiff argues that she complied with this rule in that she moved "within one year” after the January 11, 1989 striking of the action from the calendar (i.e., on Jan. 4, 1989) since a motion is made when the moving papers are served (CPLR 2211), not when the motion is returnable or decided; also that in the original motion she did excusably "explain the reason for the action having been stricken” from the calendar.
Appellants respond that 22 NYCRR 208.14 is a rule promulgated by the court and is invalid insofar as it conflicts with a statute relating to the same matter (i.e., CPLR 3404), since the rule-making power of a court "is limited to an authority to make rules which are not inconsistent with existing statutes” (Rovegno v Lush, 45 Misc 2d 579, 580). Appellants argue, in effect, that there is a conflict in that CPLR 3404 mandates a presumptive "deemed abandonment]” and dismissal of the actions on January 11, 1989, without regard to any undecided motion to restore that may have been instituted before that date.
In our view the argument is hypertechnical and in any event there is no inconsistency. Firstly, CPLR 3404 is itself a rule. Further the caveat in CPLR 3404 that an action will be dismissed if not restored within one year is based upon a plaintiffs apparent noninterest in advancement of the case to trial for more than a year after it was stricken from the calendar. Therefore where the year has expired a plaintiffs recourse for relief is from the CPLR 3404 dismissal of the action because of a "deemed abandonment]”. However, where the year still has its course to run (so that the action has not been dismissed) the appropriate procedure for relief, at least in the Civil Court of the City of New York, is for the plaintiff, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 208.14 (c), to request that the action "be restored to the calendar * * * by motion * * * made within one year after the action [was] stricken * * * supported by affidavit * * * explaining the reasons for the action having been stricken”. *644 The two rules rationally apply different time standards for the different reliefs and are not inconsistent.
It is our view that plaintiff’s proof timely and satisfactorily met the standard for relief required by the applicable authority, rule 208.14 of the Uniform Rules for Trial Courts.
KÁssoff, P. J., Pizzuto and Santucci, JJ., concur.