the Willets Point Boulevard had a frontage value of seventy-five cents a square foot. The court allowed a square foot value of seventy-seven cents a square foot for the area taken and about two cents per square foot consequential damages for the area not taken. It is inferable that the so-called "Fourth Avenue Rule" (*Matter of City of New York [Fourth Ave.]*, 255 N. Y. 25) was applied. Because of the fact that the claimant has lost practically its entire frontage on both Northern Boulevard and Willets Point Boulevard such rule has no application. There should be a reversal and a new trial as to this parcel.

MADELINE MACCORMACK, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION et al., Respondents.—

Hagarty, Carswell, Taylor and Lewis, JJ., concur; Adel, J., dissents and votes to affirm without modification on the authority of *Verdacchi* v. *Brooklyn and Queens T. Corp.* (*supra*).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL BOCCI, Appellant. (No. 110 E.)

Close, P. J., Hagarty, Carswell and Johnston, JJ., concur; Adel, J., dissents and votes to affirm the judgment for the reasons assigned in his dissent in *People* v. *Giffone* (*supra*).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL BOCCI, Appellant. (No. 158 E.)

Close, P. J., Hagarty, Carswell and Johnston, JJ., concur; Adel, J., dissents and votes to affirm the order.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH GIFFONE, Appellant. (No. 109 E.) -