In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of THEODORE S. SHOOKHOFF, an Attorney.— Matter referred to Honorable Charles J. Dodd, Official Referee, to hear and to report with his opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

MARY D'ANNA et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action by plaintiff wife to recover damages for personal injuries, claimed to have been caused by a defect existing in a street, between two rails of a track upon which the defendant City was engaged in the operation of a street surface railroad, and by her husband to recover for expenses and loss of services, the complaint was dismissed at the close of plaintiffs' case. Judgment affirmed, with costs. There was no evidence of either actual or constructive notice to the City of the alleged defective condition. The contention of appellants that a prima facie case was made out under section 178 of the Railroad Law, without proof of such notice, cannot be sustained. The duty imposed upon an ordinary street surface railroad company by that section was primarily for the pecuniary benefit of the municipality. (City of New York v. Whitridge, 227 N. Y. 180.) The liability of such a company to a person injured by reason of its failure to perform the duty imposed by the section is not specifically provided for therein but has been the result of judicial decision. The rule that in such an action against a railroad corporation proof of actual or constructive notice is not required (Worster v. Forty-second Street, etc., R. R. Co., 50 N. Y. 203; MacCormack v. Brooklyn and Queens Transit Corp., 266 App. Div. 735) has been the result of the burden imposed by the statute upon the railroad corporation. While the City, in the operation of the railroad, is acting as a proprietor and not as a sovereign (Matter of Rapid Transit R. R. Comrs., 197 N. Y 81), nevertheless, it is still acting as a municipal corporation by direct grant of authority from the Legislature, and not as a railroad corporation or private common carrier. (City of New York v. Brooklyn City R. R. Co., 232 N. Y. 463.) Under such circumstances, the general rule relative to a municipality in the maintenance of its streets applies. (MacCormack v. Brooklyn and Queens Transit Corp., supra.) Close, P. J., Hagarty and Aldrich, JJ., concur; Johnston and Lewis, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The operation of the railroad by the City subjects it to the provisions of section 178 of the Railroad Law and imposes an absolute duty to repair. The duty of the City should be greater when highways are burdened with rails than when ordinarily used.