■ MAURICE MARGUESS, Appellant, v. CITY OF NEW YORK, Defendant-Respondent and Third-Party Plaintiff. SURFACE TRANSIT, INC., Third-Party Defendant-Respondent.— Judgment dismissing the complaint at the end of the plaintiff's case, affirmed, without costs or disbursements. Although we do not mitigate in any way the remissness of the defendant city in its culpably neglectful treatment of the plaintiff's notice to admit, we feel the answer of the city and the limited admission of the defendant Surface put the plaintiff on notice he would be put to his full proof as to all the essential elements of his case. Furthermore, the sweeping, generalized demands of the plaintiff's notice, relating to questions of ultimate liability, were not attuned to any reasonable belief that they were free from substantial dispute, and thus, admissible matter. (See Seventh Annual Report of the New York Judicial Council, 1941, pp. 307–308 referred to in *Matter of Kelly*, 33 Misc 2d 16, 17.) And in view of their palpably objectionable character, it was not improper

for the trial court, in its discretion, to entertain an objection. CPLR 3123 (subd. [b]) makes clear that every admission is "subject to all pertinent objections to admissibility which may be interposed at the trial". Finally, the position of the plaintiff, vis-a-vis his notice to admit and the city's censurable treatment of it, is not enhanced by the absence of any actionable negligence on the part of the city to the plaintiff. (See *D'Anna* v. *City of New York,* 269 App Div 750; *Malone* v. *New York City Tr. Auth.,* 20 A D 2d 768.) Concur — Botein, P. J., McGivern and Macken, JJ.; Eager and Capozzoli, JJ., dissent in the following memorandum by Eager, J.: Eager, J. (dissenting) I dissent. I would reverse and remand this action for a retrial, with leave to the defendant city to apply to amend or withdraw its admission in accordance with the provisions of CPLR 3123 (subd. [b]). On the basis of the record and as a matter of law, it was improper for the trial court to dismiss the complaint at the end of plaintiff's case. By its failure to respond to the notice to admit served upon it pursuant to CPLR 3123, the defendant city admitted that the street where the plaintiff tripped and fell was "in a state of disrepair"; that such condition had existed "for over a period of 16 months previous to June 22, 1963 [the date of the accident] without any effort made to repair or correct said condition"; and that "any repairs, if any, were made more than 16 months prior to June 22, 1963." The party served with a written demand to admit matters of fact, pursuant to CPLR 3123, "may not ignore it [the demand] unless he wishes to have the facts deemed to be admitted. * * * The trial court * * * does not have the power to excuse a total failure to comply with the demand, particularly since the section specifically reserves the right to object at the trial to the admissibility of the facts admitted." (*Rusnak* v. *Doby,* 267 App. Div. 122, 123.) The response served by the third-party defendant to plaintiff's demand to admit is certainly not available to the defendant city as an excuse for its default, and the city is not thereby relieved from the effect of the admissions resulting from the application of the statute. Inasmuch as the plaintiff's action was brought against the city alone, he was concerned solely with proving a case against it and was entitled to rely upon any admissions in its answer or under CPLR 3123 without regard to the position of the third-party defendant. Moreover, for all that appears, the plaintiff was in good faith and had the right to believe that the city, acquainted with the facts, deliberately chose not to put them in issue and, on the basis of its admissions, to seek recovery over against the third-party defendant. In any event, if the city's failure to respond to the plaintiff's demand to admit was inadvertent, then its remedy was to apply to the court for permission to withdraw its "admission on such terms as may be just". (CPLR 3123, subd. [b].) Such application could have been made to the trial court which had the power to relieve the defendant of its default on proper terms, including a continuance of the trial; or the trial court could have granted a mistrial to permit the application to be made at Special Term. The remedy of the city was not by way of objection to the admissibility of the relevant and material facts deemed admitted by operation of law. The provisions of CPLR 3123 (subd. [b]) permitting a party to interpose on the trial, "all pertinent objections to admissibility" were clearly intended merely to have the effect of reserving for the trial court questions as to relevancy, materiality and competency of facts admitted. Such provisions may not be given the effect of permitting the trial court to excuse the total failure to comply with plaintiff's demand. (See *Rusnak* v. *Doby, supra.*) On the basis of the facts admitted, the plaintiff established a prima facie case. The defendant should have been put to its proof, and the weight and effect of the admissions should have been sub-

mitted for consideration by the jury in its determination of the issues of fact. Finally, I would, in any event, grant a new trial in the interests of justice.