John H. Doerr, J.
The plaintiffs move for summary judgment under CPLR 3211 and CPLR 3212. The court is not certain, but for the purposes of this decision will assume the motion is founded upon a £ £ notice to admit, disclose and produce ’ ’, so *814 designated by the plaintiffs, dated September 19, 1972, and served upon the attorneys for the defendant, and which the defendant answered with a refusal to “ admit, disclose and produce ” by written notice, timely given. (By notice dated July 27, 1972 the defendant was requested to appear for a certain deposition, and also to disclose the names of certain persons and produce certain records.) The reason given by the- defendant for such refusal is that the demands in the said notice of the plaintiffs are not proper items within CPLR 3123 and/or that the items are in substantial dispute.
The “ notice to admit, disclose and produce ” of the plaintiffs consists of six demands, four of which ask for admissions of various things from the defendant, and two demands which might more properly be matters for a demand for a bill of particulars. Clearly, the requests to admit would fall within the purview of CPLR 3123. Subdivision (a) of CPLR 3123 permits a party to serve upon another party a written request for admission of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, or of the truth of any matters set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial, and which are within the knowledge of, or can be reasonably ascertained by the other party. The matters requested are deemed admitted unless the recipient party denies or sets forth in detail reasons why he cannot either admit or deny those matters.
The .section contains other provisions, but the keystone language upon which this pretrial device must rest is “no substantial dispute ’ ’. Thus, a party could request his opponent to admit any number of things, however far-reaching or prolix, but the requests may not be the proper subject matter of subdivision (a) of CPLR 3123 if the matters are those which constitute the very dispute of the lawsuit. A defendant under this section will not be compelled to admit he was negligent, for instance, or admit to facts which prove his negligence because in those cases the negligence of the defendant is the very matter in dispute.
If the recipient cannot merely admit or deny, he must detail his reasons in the statement. If he would admit he need not respond at all. Silence is deemed an admission. If he would admit with qualifications he cannot pursue the path of silence. The effect of any admissions is covered by subdivision (b) of CPLR 3123 the key provision of which is, ‘ ‘ any admission shall be subject to all pertinent objections to admissibility which may be interposed at the trial. ’ ’
*815 The plaintiffs make the point that the defendant has sought no protective order, and has refused to admit or deny the request submitted to it and, therefore, they are entitled to summary judgment. This line of logic, if that it be, cannot succeed. While it might have been the better practice for the defendant to seek a protective order, it is not required to do so. It has responded to the request by taking the position that the demands are not the proper substance of CPLR 3123. This is a choice and, perhaps, a chance that the defendant is entitled to take. It may be that the demands of the plaintiffs are so sweeping, and generalized, and relating to ultimate liability so that there can be no reasonable belief that they are free from substantial dispute, and thus admissible matter. (Marguess v. City of New York, 30 A D 2d 782.) In any event, that question now is to be resolved by the trial court on an evidentiary basis, not by this court by summary judgment.
CPLB 3123 is self-regulating insofar as sanctions are concerned by virtue of subdivision (c) thereof. This subdivision provides that in the proper circumstances immediately following the trial a party may move, outside the presence of the jury, for an order requiring the other party to pay the reasonable expenses incurred in making the proof which the recipient party unreasonably denied or failed to admit. For obvious reasons this is a determination which must be made by the Trial Judge, but it again illustrates why summary judgment cannot lie in the present case.
The plaintiffs would urge that they are entitled to relief against the defendant by virtue of CPLR 3126 by striking the pleadings of the defendant, and thus succeeding to summary judgment. CPLB 3126 relies upon CPLR 3124 in that it provides for penalties for refusal to comply with an order to disclose. CPLR 3124 provides the means for compelling disclosure and obtaining such an order. This latter statutory provision relates to depositions, interrogatories and matters arising out of CPLR 3118, CPLR 3111, CPLR 3120, CPLR 3121. It does not apply to CPLR 3123. CPLR 3123, while contained in the disclosure article (CPLR art. 31), is limited in its scope and intendment, and is not to be used in lieu of other disclosure devices (Nader v. General Motors Corp., 53 Misc 2d 515) and an alleged failure to respond to this section cannot be resolved by the court summarily. Counsel would be advised to read the Practice Commentary of David D. Siegel (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3123, 3124, 3126).
The motion of the plaintiffs for summary judgment is denied.
*816 The court will observe parenthetically that a notice for a deposition of the defendant apparently has not been complied with, and the names of witnesses have not been supplied. The defendant being a corporation can, on a proper notice, be compelled to produce some person for a deposition, and it may be possible for the plaintiffs to obtain some information they seek, or obtain provisional remedies in that fashion. Such a motion is not before this court.