■ In the Matter of CIVIL SERVICE BAR ASSOCIATION, LOCAL 237, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Respondent, v CITY OF NEW YORK, Respondent, and HOWARD M. KATZ et al., Intervenors-Appellants, et al., Intervenors. — Order of the Supreme Court, New York County (Williams, J.) entered March 11, 1981, vacating the default of the City of New York and allowing it to enter a late response to a notice to admit reversed, on the law, the facts, and in the exercise of discretion, and the motion to vacate the default denied, without costs. In this litigation which involves the propriety of a proposed settlement between the Civil Service Bar Association and the City of New York arising out of an arbitration award against the city, the intervenors-appellants served a notice to admit upon the city and the Civil Service Bar Association. The city

did not respond to the notice to admit until December 16, 1980, some two years later. The intervenors-appellants rejected the statement of admissions as untimely. CPLR 3123 requires that a reply to a notice to admit shall be served within 20 days after service of the notice. Thereafter, the Corporation Counsel moved for vacatur of the city's default and for permission to serve its response to the notice to admit. Special Term granted the motion. We are not unaware that the financial difficulties confronting the city have cast a most difficult burden on the office of the Corporation Counsel. Because of our awareness of these problems we have granted greater latitude to the city than we have to the normal litigant. However, there comes a time when a default on the part of the city cannot be overlooked. What has happened here indicates that such time has arrived. In these circumstances, the excuse of "law office failure" will not suffice (Barasch v Micucci, 49 NY2d 594). Accordingly, we reverse and deny the city's motion to vacate its default. Concur — Sullivan, J. P., Carro, Bloom and Fein, JJ.