■ SHEILA N. GROEGER, as Executrix of GREY M. GROEGER, Deceased, Appellant, v COL-LES ORTHOPEDIC ASSOCIATES, P. C., et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court improvidently exercised its discretion by granting the motion of defendant Wierzbieniec for a protective order precluding use of a notice to admit upon the ground that the statements had already been admitted at a pretrial deposition. Use of both a deposition and notice to admit is not barred by statute (CPLR 3123; compare, CPLR 3130 [1]), and each device serves a distinct purpose. The pretrial deposition is utilized to discover facts, whereas the notice to admit is used to establish that certain facts are not in dispute and to eliminate the need for proof of that fact at trial (Johantgen v Hobart Mfg. Co., 64 AD2d 858, 859-860; Spawton v Strates Shows, 75 Misc 2d 813, 814; see also, Durst, Fuchsberg & Kleiner, Modern New York Discovery § 13.2). Moreover, an admission made during a deposition is not conclusive and may be explained away, but an admission in response to a notice to admit, unless amended or withdrawn by court order, is conclusive (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:1).

The court did, however, correctly determine that certain items were not the proper subject of a notice to admit because they sought to establish material facts directly probative of the issue of negligent diagnosis and failure to timely treat plaintiff's decedent (see, Berg v Flower Fifth Ave. Hosp., 102 AD2d 760; Spawton v Strates Shows, supra). In this respect, we conclude that the existence of a notation in the doctor's records and whether the doctor informed decedent of a cancer condition and referred him for treatment within a specified time frame are matters of fact that may be the proper subject of a notice to admit (see, Villa v New York City Hous. Auth., 107 AD2d 619, 620) and accordingly, we modify the protective order to deny the motion as to items numbered 14, 18 through 24, and 35. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—protective order.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.