■ FRANCIS HOWLAN, III, Appellant, v RENEE ROSOL et al.,

Respondents.—Kane, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered November 2, 1987 in Montgomery County, which granted defendants' motion to vacate a default judgment entered against them.

In March 1982, plaintiff commenced this action against defendants asserting two causes of action for conversion. The action was apparently based on defendant Renee Rosol's termination of her engagement to be married to plaintiff. The first cause of action alleged conversion of certain engagement gifts received by Rosol's as well as personal property of plaintiff allegedly entrusted to Rosol's care. The second cause of action claimed conversion of cash allegedly given by plaintiff to Rosol in anticipation of the marriage.

Defendants served an answer and, in July 1982, plaintiff served a bill of particulars as requested by defendants. It appears that sometime in February 1983, plaintiff served a notice to admit upon defendants. Defendants do not dispute the receipt of the notice or the fact that they never responded to it. Subsequently, plaintiff's present attorney was substituted in June 1984 and, shortly thereafter, upon plaintiff's motion, the venue of the action was changed. Defendants opposed neither of these motions. In July 1985, plaintiff moved for summary judgment. Defendants did not appear or submit any papers in opposition to that motion. Supreme Court granted the motion and a copy of the order and judgment was sent to defendants. Defendants' attorney, by letter dated August 16, 1985, requested plaintiff's attorney to consent to vacate the judgment claiming that he had never received notice of the motion. Plaintiff's attorney declined to do so, resulting in a motion in June 1986 by defendants seeking vacatur of the default judgment. Supreme Court granted the motion and the instant appeal by plaintiff ensued.

CPLR 5015 (a) (1) permits a party to move for vacatur of a default judgment within one year of notice of its entry. To succeed on such a motion, the party must show a valid excuse for the default, a meritorious defense and the absence of willfulness (*Marine Midland Bank v Tooker*, 78 AD2d 755). In the instant case, Supreme Court based its vacatur of the default judgment on its finding that the notice to admit was impermissibly broad. Plaintiff claims that the notice was proper and that, in any event, the right to challenge the notice had expired.

Turning first to the question of defendants' ability to challenge the notice to admit, it is true that the first time they

questioned its propriety was in their motion to vacate the default judgment. CPLR 3123 (a) requires a party upon whom the notice is served to respond to it within 20 days and to either deny the matters set forth therein or state why those matters cannot be admitted or denied. If no response is submitted, the facts are deemed admitted. A party may also seek a protective order if the requests in the notice to admit are claimed not to be the proper subject of inquiry under CPLR 3123 (a) *(see, Spawton v Strates Shows,* 75 Misc 2d 813, 814-815; *Nader v General Motors Corp.,* 53 Misc 2d 515, 517, *affd* 29 AD2d 632).

Here, Supreme Court concluded that although defendants made no response to the notice, that did not "cure the impropriety of the Notice" and such a notice could not "be the basis, without more for a summary judgment". While we do not condone defendants' neglectful treatment of the notice to admit, if the admissions requested were beyond the scope of CPLR 3123 (a), then we do not find it improper for Supreme Court to have exercised its discretion in reviewing the propriety of the notice to admit *(see, Marguess v City of New York,* 30 AD2d 782, *affd* 28 NY2d 527). We also agree that if the notice was improper, it could not serve as the basis for a motion for summary judgment *(see, Spawton v Strates Shows, supra,* at 815).* This is especially true where, as here, defendants never appeared in opposition to the motion for summary judgment. Even if defendants' claim that they never received notice of the motion is characterized as law office failure, such is not an insufficient excuse as a matter of law *(see, Buderwitz v Cunningham,* 101 AD2d 821, 822), and in this case, we find the neglect excusable. There is no evidence of any willfulness on defendants' part and upon our review of the record, the requirement that a meritorious defense be shown has been satisfied. Although plaintiff focuses on defendants' 10-month delay in moving to vacate the default judgment, CPLR 5015 (a) (1) specifically provides for a one-year time period in which to make such a motion. Any delay in making the motion is generally considered only when the requirements of lack of willfulness, excusable neglect and a showing of a meritorious defense have not been satisfied *(see, e.g., Marine Midland Bank v Tooker,* 78 AD2d 755, *supra; Vogel v Asgrow Mandeville Co.,* 74 AD2d 940, *affd* 55 NY2d 675).

---

* Plaintiff concedes that the motion for summary judgment was premised on the facts deemed admitted by reason of defendants' failure to respond to the notice to admit.

Having determined that Supreme Court was within its power to consider the propriety of the notice, we turn next to the question of whether it properly determined that the scope of the notice was impermissibly broad. The admissions requested must be by a party who "reasonably believes there can be no substantial dispute at the trial" of those matters (CPLR 3123 [a]). The underlying purpose of a notice to admit is to eliminate from dispute those matters about which there can be no controversy; it is not to be used to request admission of material issues or ultimate issues or facts *(Taylor v Blair,* 116 AD2d 204, 206). Applying these principles to this case, we are of the view that the notice was indeed improper and that plaintiff was not seeking the admission of clear-cut matters of fact that he could reasonably believe were not subject to dispute *(see, supra).* Therefore, given the well-established policy favoring resolutions based on the merits, we find that Supreme Court did not abuse its discretion in vacating the default judgment *(see, Umlauf v County of Chautauqua,* 105 AD2d 1104; *but see, Matter of Civil Serv. Bar Assn. v City of New York,* 83 AD2d 815).

As a final matter, we reject plaintiff's contention that the motion to vacate should have been referred to the Judge who decided the motion for summary judgment. CPLR 2221 (a) (1) specifically provides that if the first judgment was made upon default, the motion to vacate may be made "to any judge of the court".

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.