■ NANCO ENVIRONMENTAL SERVICES, INC., Respondent, v CAMO LABORATORIES, INC., Formerly Known as CAMO POLLUTION CONTROL LABORATORIES, INC., Appellant. [664 NYS2d 491] —Peters, J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered August 16, 1996 in Albany County, which, inter alia, granted plaintiff's cross motion for summary judgment, and (2) from an order of said court, entered October 28, 1996 in Albany County, which, inter alia, denied defendant's motion for reconsideration.

Plaintiff, engaged in the business of performing scientific testing at its laboratories, was hired by defendant in 1989 to test various soil and water samples. Pursuant to an oral contract in which plaintiff agreed to test samples according to specific guidelines and defer payment until defendant was paid by its client, defendant shipped samples to plaintiff who allegedly performed the services requested. During this time,

plaintiff's president came under investigation by Federal authorities in connection with allegations pertaining to fraudulent testing. Ultimately, plaintiff's president was convicted of sending fraudulent results of testing samples through the mail.

Due to such climate at plaintiff's testing facility, defendant alleges that when the billing invoice was sent, it immediately informed plaintiff that no payment would be made until it was provided with backup documentation verifying that the tests were executed in accordance with the specified standards. Defendant contends that notwithstanding its receipt of payment, it never paid plaintiff since critical backup documentation requested to protect itself against future claims[1] was not provided and plaintiff made no further requests for payment.

Plaintiff contends that defendant was, in fact, provided with the underlying raw data at the time of testing which was later utilized by defendant in its dealings with its client. Acknowledging that no data or other records can now be located,[2] despite proper request, plaintiff contends that its performance pursuant to the contract as well as defendant's failure to pay thereunder establishes its entitlement to judgment as a matter of law. With plaintiff's cross motion for summary judgment having been granted and defendant's motion for reconsideration having been denied, defendant appeals from both orders.

Our review reveals a failure by plaintiff to sustain its burden of showing an entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). We disagree with plaintiff's allegations that admissions in defendant's answering papers establish its entitlement to judgment. Although such documents did establish that there was performance under an oral contract for the testing of samples and that payment was not received, there remains no record evidence establishing what tests were performed, how they were performed or even if they were performed in accordance with specified standards. The same record evidence indicates that due to the pending criminal charges against plaintiff's president, defendant requested, upon receipt of the initial billing, a confirmation that the tests were properly performed. Although plaintiff contends that it provided defendant with raw data for incorporation into its final report which included the informa-

---

1. We note, however, that no claims for liability had been threatened or asserted from the time of testing up until institution of this lawsuit.

2. Plaintiff's records were allegedly retained in a facility for its access by Pace Laboratories. When Pace closed its operations in New York, the records were moved to Minnesota. After Pace subsequently closed down that operation, the records could not be located.

tion subsequently requested, defendant disputes its receipt. Hence, while it is clear that there existed a transaction of business between these parties, there are genuine questions of fact which so permeate this transaction that we find the award of summary judgment to have been improper (*see, id.*, at 853).

As to defendant's motion for summary judgment, we note that since such motion is premised upon what we find to be an inappropriate use of CPLR 3123 (a) (*see, Howlan v Rosol*, 139 AD2d 799, 802), it too has failed to prove its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr., supra*, at 853).

With the balance of the parties' contentions having been considered and found without merit, we hereby modify Supreme Court's orders by reversing so much thereof as granted plaintiff's cross motion for summary judgment.

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.