■ EDDYVILLE CORPORATION, Appellant, v JAMES RELYEA, Defendant, and ROBERT L. BLAKE, INC., Doing Business as ROND-OUT BAY ON THE HUDSON, et al., Respondents. [827 NYS2d 315]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Doyle, J.), entered October 24, 2005 in Ulster County, upon a

decision of the court in favor of defendants Robert L. Blake, Inc. and Lawrence Hallstead.

Plaintiff owns two parcels of real property adjoining Roundout Creek in the Town of Ulster, Ulster County, which are separated by an approximately two-acre strip of land purchased by defendant James Relyea in 1975. Relyea operated a boat marina and restaurant on his parcel and, from 1980 to 2001, he leased that property to various individuals who ran similar businesses. As pertinent herein, in 1996, Relyea leased his property, with an option to purchase, to defendant Robert L. Blake, Inc., which then conveyed in the same year a lease and purchase option of the property to a company whose sole shareholder was defendant Lawrence Hallstead. In 2001, Relyea conveyed the parcel by deed to Formal, Inc., of which Hallstead is also the sole shareholder. Blake and Hallstead (hereinafter collectively referred to as defendants[1]) currently operate the marina and restaurant.

Prior to the sale from Relyea to Formal, Inc., plaintiff hired a licensed surveyor who completed a survey in July 2000, which demonstrated that defendants were encroaching on plaintiff's land through, among other things, the installation of docks, the storage of boats, trailers and equipment, as well as by the presence of a driveway in the northeast corner of plaintiff's property. Plaintiff thereafter commenced this action in September 2000 seeking, among other things, to eject defendants from its property based upon the encroachments revealed in the survey. In defendants' answer, they raised the affirmative defense of adverse possession.[2] After a nonjury trial, Supreme Court found that defendants had adequately established the defense of adverse possession and dismissed the complaint, prompting this appeal.

Plaintiff maintains that defendants failed to prove the affirmative defense of adverse possession and, therefore, Supreme Court erred in dismissing the complaint. Notably, " '[o]n our review of a verdict after a bench trial, we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments' " (*Salvador v Uncle Sam Auctions & Realty, Inc.*, 30 AD3d 861, 861 [2006], quoting *Martin v*

---

1. Relyea, who did not appear personally or testify at trial, was dismissed as a party at the close of plaintiff's proof.

2. Although a motion was made at trial to amend or supplement the answer to include a counterclaim of adverse possession, that relief was not granted.

*Fitzpatrick*, 19 AD3d 954, 957 [2005] [citations omitted]). As applicable herein, a party claiming the defense of adverse possession must show by clear and convincing evidence that the " 'possession was hostile, under a claim of right, actual, open and notorious, exclusive of any other right and continuous for a period of 10 years' " (*Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003], quoting *Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001] [citation omitted]; *see Gorman v Hess*, 301 AD2d 683, 684 [2003]). Where, as here, the claim of title is not founded upon a written instrument, it must be "demonstrate[d] that the property was 'usually cultivated or improved' " (*Moore v City of Saratoga Springs*, 296 AD2d 707, 709 [2002], quoting RPAPL 522 [1]). Notably, such claimants "can obtain property by adverse possession despite their knowledge that another party holds record title" (*Walling v Przybylo*, 24 AD3d 1, 3 [2005], *affd* 7 NY3d 228 [2006]).

In challenging Supreme Court's decision, plaintiff's principal contention is that defendants failed to demonstrate that they continuously occupied the claimed areas for a 10-year period prior to September 2000. However, while it is true that Hallstead did not take possession of the property until 1996 and the deed executed in 2001 did not include the encroachments in its description, neither factor is necessarily determinative of the issue of adverse possession. Significantly, the deed description herein did not specifically exclude ownership of the disputed area or otherwise acknowledge that plaintiff had a superior title (*see id.* at 4). With respect to the statutory time period, "successive adverse possessions of property omitted from a deed description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince*, 35 NY2d 634, 637 [1974]; *see Slater v Ward*, 92 AD2d 667 [1983]; *Rasmussen v Sgritta*, 33 AD2d 843, 843 [1969]).

Here, defendants' proof indicated that Hallstead and his predecessors, including Relyea, used portions of plaintiff's land for marina-related purposes dating back to the mid-1980s. Hallstead testified that no person, including representatives of plaintiff, had ever discussed his use of plaintiff's land and he believed that he was the rightful owner of that portion of plaintiff's property being utilized for marina-related purposes. According to Hallstead, he walked the property in 1996 and observed the subject encroachments, including boats, trailers, and marina-related items. He further stated that Relyea, during

negotiations concerning the sale, made it clear that Hallstead was entitled to use that property to store boats and docks, to build an outdoor deck, and to park cars. Based on those representations, Hallstead believed that the encroachments were part of the land he was purchasing from Relyea. In addition, a prior tenant of Relyea testified that the subject encroachments had always been treated as belonging to the Relyea parcel. There was also testimony that, in the mid-1980s, Relyea built a parking lot and beach on portions of plaintiff's land. Defendants also produced other nonparty witnesses who observed the encroachments in the 1980s and 1990s and, additionally, stored their boats as marina customers in these areas in the early 1990s.

Although Supreme Court credited defendants' proof, plaintiff maintains that the statutory time period cannot be met because their proof established that Relyea did not encroach upon plaintiff's land. Specifically, plaintiff relies upon a 2004 notice to admit that was executed by Relyea, who did not testify, which was admitted into evidence over defendants' objection. Relyea purported to admit therein that neither he nor his tenants ever encroached upon plaintiff's property. However, "[t]he underlying purpose of a notice to admit is to eliminate from dispute those matters about which there can be no controversy; it is not to be used to request admission of material issues or ultimate issues or facts" (*Howlan v Rosol,* 139 AD2d 799, 802 [1988]; *see* CPLR 3123 [a]). Inasmuch as the subject notice to admit did not involve "clear-cut matters" that were beyond dispute (*Howlan v Rosol, supra* at 802), it was improper and Supreme Court appropriately disregarded it in rendering its decision. Furthermore, while plaintiff did produce other proof tending to support its arguments, it was incomplete or vague, and the court instead credited defendants' proof, some of it from disinterested witnesses, which established that Relyea and his tenants adversely possessed plaintiff's property throughout the statutory period. As such, "giving due deference to the trial court's determinations regarding witness credibility," we do not find that Supreme Court erred in finding that Relyea was, in fact, an adverse possessor and Hallstead could tack onto his possession (*Riggs v Benning,* 290 AD2d 716, 717 [2002]; *see Sterling v Sterling,* 21 AD3d 663, 664 [2005]).

Our conclusion is not altered as a result of plaintiff's assertion that, even if Relyea's prior tenants did encroach upon plaintiff's land, defendants cannot tack their adverse use because they failed to show an "unbroken chain of privity between the adverse possessors" (*Garrett v Holcomb,* 215 AD2d

884, 885 [1995] [internal quotation marks and citations omitted]). However, the fact that many of the prior tenants of Relyea lack privity with Hallstead is not dispositive because the claimed adverse possession of those prior tenants is presumed to have inured to Relyea upon the expiration of their tenancy (*see Spiegel v Ferraro*, 73 NY2d 622, 628 [1989]; *see also* RPAPL 531). Thus, inasmuch as privity between Relyea and Hallstead was established on this record, tacking was permissible.

The remaining arguments raised by plaintiff have been examined and found to be unpersuasive. Contrary to plaintiff's argument, the record sufficiently indicates that Hallstead and his predecessors "cultivated or improved" plaintiff's land (RPAPL 522 [1]; *see McGuirk v Ferran*, 222 AD2d 943, 945-946 [1995], *lv dismissed and denied* 88 NY2d 1003 [1996]). As for the requirement of hostility, that element "will be presumed if the use is open, notorious and continuous for the full 10-year statutory period. . . . All that is required is a showing that the possession actually infringes upon the owner's rights, such as to give the owner a cause of action in ejectment against the occupier throughout the requisite period" (*Birkholz v Wells*, 272 AD2d 665, 667 [2000] [citations omitted]; *see generally Walling v Przybylo*, 7 NY3d 228 [2006]). Since the record herein demonstrates the longstanding use by Hallstead and his predecessors of plaintiff's land for the marina business, plaintiff had a cause of action in ejectment throughout the requisite period and hostility is presumed.

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.