■ In the Matter of SHARON EMMITT-KLINGER, Respondent, v ROBERT M. KLINGER, Appellant. [852 NYS2d 449]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Peckham, J.), entered November 16, 2006 in Delaware County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support and arrears, and (2) from an order of said court, entered May 9, 2007 in Delaware County, which denied respondent's motion for leave to renew.

In February 2005, the parties entered into a separation agreement whereby respondent agreed to, among other things, pay child support. The separation agreement was incorporated but not merged into the parties' March 2005 judgment of divorce. Petitioner commenced this proceeding in March 2006 seeking to enforce the child support provisions of the agreement claiming that respondent had not made any payments. Following a hear-

ing, Supreme Court, among other things, ordered respondent to pay $150 per week in child support as set forth in the separation agreement and $100 per week toward the arrears. Supreme Court denied respondent's subsequent motion for leave to renew, prompting these appeals.

Respondent specifically contends that Supreme Court erred in ordering him to pay child support arrears, claiming that the separation agreement upon which the judgment and order were based is invalid inasmuch as it was fraudulently procured. He argues that the parties never intended to enforce the separation agreement because the divorce proceeding was, in fact, part of a joint scheme to avoid bankruptcy. However, a review of the record fails to establish that respondent was fraudulently induced to execute the separation agreement. Rather, the court resolved the conflicting testimonies in favor of petitioner who indicated that she informed respondent that she intended to divorce him, and we find no reason in this record to disturb the court's credibility determinations (*see Broer v Hellermann*, 2 AD3d 1247, 1248 [2003]). Furthermore, to the extent that respondent contends that the court erred in failing to admit into evidence a journal entry written by petitioner that respondent claims evinces the parties' alleged scheme and casts doubt on the validity of the separation agreement, any error in the court's ruling is harmless inasmuch as petitioner was cross-examined regarding the journal entry. Moreover, a review of the record does not establish that the admission of that document would have substantially influenced the outcome herein (*see* CPLR 2002; *Khan v Galvin*, 206 AD2d 776, 777 [1994]; *Dizak v State of New York*, 124 AD2d 329, 330-331 [1986]).

Finally, we find no error in Supreme Court denying respondent's motion to renew. Respondent failed to establish that the information was previously unknown nor did he present a justifiable excuse for not having submitted such information at the time of the hearing (*see Cerasaro v Cerasaro*, 9 AD3d 663, 666 [2004]; *Wahl v Grippen*, 305 AD2d 707, 707 [2003]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.