Rose, J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered January 8, 2013 in Columbia County, upon a decision of the court in favor of plaintiff.
Aurora Loan Services, LLC commenced this foreclosure action in September 2009 alleging that defendant Martin J. Davidson (hereinafter defendant) defaulted on a note secured by a consolidated mortgage on his real property. Following unsuccessful motions for summary judgment, Supreme Court held a nonjury trial on the issue of standing. At trial, Aurora’s employee testified that Aurora was in physical possession of the note as of June 2009, when the collateral file was transferred to Aurora and the original documents were placed in its vault. The note had an allonge with multiple indorsements, the final one being in blank. A screenshot of Aurora’s document tracking system reflected its possession of the note and mortgage as of June 2009, and the employee testified that the indorsements were on the allonge at that time. Aurora also established that the consolidated mortgage was assigned to it in July 2009.
In opposition, defendant relied on prior affidavits submitted by Aurora in the action, one of which included, as an exhibit, a copy of the allonge without the indorsement in blank. Aurora’s employee testified, however, that this was an earlier image of the note that would have been scanned into Aurora’s electronic file when the original documents were briefly in Aurora’s possession in 2007, and the copy of the allonge attached to the affidavit did not reflect the note as it existed in June 2009, when it was redelivered to Aurora and placed in its vault. Supreme Court, accepting Aurora’s evidence that it was in physical possession of the note with the indorsement in blank at the time the action was commenced, concluded that Aurora had standing and, in light of defendant’s uncontested default, granted a judgment of foreclosure and issued an order of reference.* Defendant appeals.
We will independently review the weight of the evidence in a nonjury trial and, while according appropriate deference to the trial judge’s credibility assessments and factual findings, grant the judgment warranted by the record (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Chase Manhattan Bank v Douglas, 61 AD3d 1135, 1136 [2009]; Eddyville Corp. v Relyea, 35 AD3d 1063, 1064-1065 [2006]). In doing so here, we find no basis to disturb Supreme *1296 Court’s determination to accept the testimony of Aurora’s employee that both the note with the indorsement in blank and the mortgage were in Aurora’s physical possession prior to the commencement of the action. Accordingly, Aurora has standing as the holder of the note and mortgage (see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127-1128 [2013], lv dismissed 22 NY3d 1172 [2014]; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [2011]).
Defendant also argues that Supreme Court erred by failing to admit the prior affidavits of a former Aurora employee into evidence, but defendant was able to cross-examine Aurora’s witness regarding the contents of the affidavits and there is no indication that the proffered evidence “would have had a substantial influence on the outcome of the case” (Richmor Aviation, Inc. v Sportsflight Air, Inc., 82 AD3d 1423, 1426 [2011] [internal quotation marks and citation omitted]; see CPLR 2002; Matter of Emmitt-Klinger v Klinger, 48 AD3d 992, 993 [2008]). Further, we find no error in Supreme Court’s rejection of defendant’s notice to admit, inasmuch as it sought admissions of disputed issues of fact (see CPLR 3123 [a]; Eddyville Corp. v Relyea, 35 AD3d at 1066; Howlan v Rosol, 139 AD2d 799, 802 [1988]). We have considered defendant’s remaining contentions and find them to be without merit.
Peters, PJ., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.

 Supreme Court also amended the caption to substitute Nationstar Mortgage, LLC, Aurora’s assignee, as the named plaintiff.