Lynch, J.
 

 Appeal from an order of the Supreme Court (Lambert, J.), entered October 12, 2016 in Delaware County, which granted plaintiffs motion for, among other things, summary judgment.
 

 Plaintiff acquired property in the Town of Stanford, Delaware County in February 2002. At issue on this appeal is plaintiffs right of access over an unimproved road that begins at Roses Brook Road and runs northeasterly over parts of two adjoining parcels—one owned by defendants Thomas W. Truesdell and James E. Truesdell and the other owned by defendant Julia E. Miglianti—to plaintiff’s property. The Truesdells acquired their property in 2009 and Miglianti acquired hers in 1962. The roadway is a former Town road that was abandoned by the Town in 1952 and described by defendants as a single lane bordered by stone walls.
 

 After defendants placed gates across the roadway, plaintiff commenced this action in June 2012 seeking a declaratory judgment determining that plaintiff has an easement over the roadway and removal of the gates. Issue was joined placing plaintiffs easement claim in dispute. Pertinent here, plaintiff served defendants with a notice to admit in February 2016, to which defendants failed to respond. The notice to admit included several substantive contentions, including that plaintiff had an access easement over the roadway and a provision specifying that the road was 49 V2 feet wide. Plaintiff thereafter moved for summary judgment, based in part on the contentions set forth in the notice to admit. In response, Thomas Truesdell and Miglianti submitted a joint opposition affidavit admitting that plaintiff has a right of access over the existing roadway, but disputing the actual width of that easement and the obligation to maintain the roadway. They further asserted that plaintiff has always had a key to the gates across the roadway. No request was made to alleviate defendants’ failure to respond to the notice to admit. Supreme Court granted plaintiff’s motion, recognizing that defendants had admitted that plaintiff had an access easement over the existing roadway. As to the width of the easement, Supreme Court determined that defendants admitted that the width was 49 V2 feet by failing to respond to the notice to admit and that the width of the easement was not determined by the actual use but by its status as a former public highway. The court further directed plaintiff to maintain and repair the easement, noting that an easement holder is not permitted to increase the burden on the servient estate. Defendants appeal.
 

 We affirm. To begin, we are fully mindful that a notice to admit is designed to eliminate only undisputed factual matters, not to compel admissions of the ultimate contested facts (see CPLR 3123 [a]; 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 698-699 [2015]; Eddyville Corp. v Relyea, 35 AD3d 1063, 1066 [2006]). As noted above, by virtue of their answer, defendants disputed plaintiff’s easement claim. As such, plaintiff’s use of a notice to admit to obtain an admission as to the existence and extent of their easement claim was improper. That said, defendants neither timely responded to deny the matters set forth in the notice to admit nor sought relief for their failure to do so (see CPLR 3123 [a], [b]; see Webb v Tire & Brake Distrib., Inc., 13 AD3d 835, 838 [2004]). Whether defendants should be bound by the notice to admit, however, need not deter us for defendants conceded in the joint opposition affidavit of Thomas Truesdell and Miglianti that the width of the road was 49V2 feet “on paper.” “Where a road obtains its character as a public highway under color of statutory authority, it is the statute and not the use that determines the width of the road” (Matter of Flacke v Strack, 98 AD2d 881, 881-882 [1983] [citations omitted]). Under Highway Law § 180, “[n]o highways shall be laid out less than three rods in width”— i.e., 49V2 feet. There is no dispute that the subject road was a public highway prior to being abandoned in 1952. As such, we perceive no error in Supreme Court’s determination that plaintiff has an access easement 49V2 feet in width.
 

 McCarthy, J.P., Egan Jr., Rose and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.