Village of Malone v Stone Mtn. Prime, LLC (2022 NY Slip Op 02328)

Village of Malone v Stone Mtn. Prime, LLC

2022 NY Slip Op 02328

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

533321
[*1]Village of Malone, Respondent,
v
Stone Mountain Prime, LLC., et al., Appellants, et al., Defendants.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Stafford, Owens, Piller, Murnane, Kelleher & Trombley, PLLC, Plattsburgh (Justin R. Meyer of counsel), for appellants.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered October 14, 2020 in Franklin County, which, among other things, granted plaintiff's cross motion to strike a notice to admit.
Plaintiff commenced this action seeking an order directing defendant Stone Mountain Prime, LLC (hereinafter SMP) to repair and make safe, or demolish, certain buildings located in the Village of Malone, Franklin County, known as the Lashomb Building and Flanagan Hotel. Plaintiff further seeks to pierce the corporate veil and hold defendants Barry Steinberg and Jon (Jack) Brown personally liable for the obligations of SMP. Specifically, plaintiff alleges that SMP is underfunded and that Steinberg exercised control of the subject properties through SMP and several other businesses entities, including defendant Stone Mountain Funding, LLC (hereinafter SMF) and defendant Stone Mountain Capital, Inc. (hereinafter SMC), designed as a way of avoiding personal responsibility and liability for himself and his various corporate entities.
Steinberg, SMP, SMF and SMC (hereinafter collectively referred to as defendants) answered and thereafter served a notice to admit upon plaintiff. Plaintiff failed to respond to the notice to admit, alleging that it neglected to do so because of a good faith belief that the matter was settling. Subsequently, defendants moved for summary judgment dismissing the complaint, largely relying on the notice to admit as proof.[FN1] Plaintiff opposed the application, arguing that defendants' motion should be denied as premature at this stage of discovery given the complex relationship between the entities, and cross-moved for a protective order striking the notice to admit. Supreme Court granted plaintiff's cross motion, striking the notice to admit in its entirety, and denied defendants' motion for summary judgment with leave to renew upon the completion of discovery.[FN2] Defendants appeal.
We affirm. A notice to admit is governed by CPLR 3123, which authorizes a party to serve upon another party a written request that it admit, among other things, "the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him [or her] upon reasonable inquiry" (CPLR 3123 [a]). A notice to admit is improper where it seeks admission of "obviously disputed matters that go to the heart of the controversy" (Lewis v DiMaggio, 151 AD3d 1296, 1298 [2017]), or "request[s] admission of material issues or ultimate issues or facts" (Eddyville Corp. v Relyea, 35 AD3d 1063, 1066 [2006] [internal quotation marks and citation omitted]; see Tonkiwa Ltd. v Truesdell, 155 AD3d 1479, 1481 [2017] [noting that "a notice to admit is designed to eliminate only undisputed factual matters, not to compel admissions of the ultimate contested facts"]; see also Howlan v Rosol, 139 AD2d 799, [*2]802 [1988]). If the requested admission is not timely denied or otherwise explained, the contents of the notice are deemed admitted (see CPLR 3123 [a]; Webb v Tire & Brake Distrib., Inc., 13 AD3d 835, 838 [2004]). Notwithstanding, "the court, at any time, may allow a party to amend or withdraw any admission on such terms as may be just" (see CPLR 3123 [b]; Webb v Tire & Brake Distrib., Inc., 13 AD3d at 838).
Although we do not condone plaintiff's neglect to respond to the notice to admit (see Kowalski v Knox, 293 AD2d 892, 892-893 [2002]; Howlan v Rosol, 139 AD2d at 801), we find no error in Supreme Court's rejection of defendants' notice to admit, inasmuch as it sought admissions of disputed issues of fact, disputed matters that go to the heart of the controversy and documents outside the knowledge of plaintiff (see Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1296 [2014], lv denied 24 NY3d 905 [2014]; see also Lewis v DiMaggio, 151 AD3d at 1298; Eddyville Corp. v Relyea, 35 AD3d at 1066; Howlan v Rosol, 139 AD2d at 802).[FN3] Nor can defendants use CPLR 3123 in this manner to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial (see Genna v Klempner, 195 AD3d 444, 444 [2021]; 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 698 [2015]; Voigt v Savarino Constr. Corp., 94 AD3d 1574, 1574 [2012]).
Because the notice to admit was improper and "it could not serve as the basis for a motion for summary judgment" (Howlan v Rosol, 139 AD2d at 801; see Lewis v DiMaggio, 151 AD3d at 1297—1298), we also find that Supreme Court properly denied defendants' motion for summary judgment because there was insufficient admissible proof in support of such application. Moreover, given the nature of plaintiff's allegations against defendants,[FN4] Supreme Court properly found summary judgment was premature (see CPLR 3212 [f]; Abele Tractor & Equip. Co., Inc. v Schaeffer, 167 AD3d 1256, 1259 [2018]; Gitman v Martinez, 139 AD3d 1175, 1176 [2016]).
We have reviewed defendants' remaining arguments and have found them to be lacking merit.
Lynch, J.P., Clark, Aarons and Colangelo, JJ, concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Defendants also filed a motion seeking sanctions and discovery. Supreme Court denied this motion, and defendants do not raise any issue pertaining to that portion of the order on appeal.

Footnote 2: Brown also moved for summary judgment dismissing the action against him, which was unopposed and granted by Supreme Court.

Footnote 3: Given the extent that these issues plagued the 96-request notice to admit, Supreme Court was correct in rejecting the entire document (see Blank v Schafrann, 180 AD2d 886, 888 [1992] [holding that "[c]ourts should not prune palpably improper requests, but rather strike the offensive document in its entirety"]).

Footnote 4: Supreme Court considered and partially evaluated defendants' application as more accurately couched in terms of a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7). To the extent that defendants claim that Supreme Court erred in denying this branch of their motion against SMF and SMC, we disagree given that SMP's operating agreement annexed to plaintiff's application reflected either partial ownership or obligations for SMF, SMC and Steinberg, notably under article 2.2 (see CPLR 3014). A series of emails also revealed Steinberg giving his "word" that he owned the Flanagan Hotel, using an email address and signing with a signature block from SMC.