Village of Malone v Stone Mtn. Prime, LLC (2023 NY Slip Op 03387)

Village of Malone v Stone Mtn. Prime, LLC

2023 NY Slip Op 03387

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535254
[*1]Village of Malone, Respondent,
v
Stone Mountain Prime, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Stafford, Owens, Piller, Murnane, Kelleher & Trombley, PLLC, Plattsburgh (Margaret E. McGannon of counsel), for appellants.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (John T. Ellis, J.), entered April 3, 2022 in Franklin County, which denied certain defendants' motion to change venue.
The underlying facts are fully set forth in a prior decision of this Court (204 AD3d 1148 [3d Dept 2022]). As is relevant to this appeal, plaintiff commenced this action seeking an order directing defendant Stone Mountain Prime, LLC (hereinafter SMP) to repair and make safe two buildings in the Village of Malone, Franklin County — the Flanagan Hotel and the Lashomb Building (hereinafter the subject buildings). Plaintiff also seeks to pierce the corporate veil and hold defendant Barry Steinberg personally liable for SMP's conduct based, among other things, on an allegation that SMP became the owner of the subject properties in 2009, and that Steinberg held himself out as the owner of either SMP or the Flanagan Hotel and exercised control over SMP. After motion practice and an appeal (id.), Supreme Court scheduled a jury trial in Franklin County for June 2022, and SMP, Steinberg and defendants Stone Mountain Capital, Inc. and Stone Mountain Funding, LLC (hereinafter collectively referred to as defendants) subsequently moved for a change of venue to Clinton County, arguing that the location of the subject buildings near the Franklin County Courthouse and an article about the action in the Malone Telegram prevented them from obtaining a fair and impartial jury in Franklin County. Plaintiff opposed this motion, and Supreme Court denied it, holding that defendants failed to establish a strong possibility that an impartial trial could not be had in Franklin County. Defendants appeal.
We affirm. To prevail on a motion to change venue pursuant to CPLR 510 (2), a movant must "demonstrate a strong possibility that an impartial trial [cannot] be obtained" in the proper county (Blaine v International Bus. Machs. Corp., 91 AD3d 1175, 1175 [3d Dept 2012]; accord State of New York v Konikov, 182 AD3d 750, 755 [3d Dept 2020], lv denied 36 NY3d 906 [2021]). "Mere belief, suspicion or feeling are insufficient grounds to grant a motion to change venue" (Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [3d Dept 2012] [internal quotation marks, brackets and citation omitted], lv dismissed 19 NY3d 874 [2012]; see United States Fid. & Guar. Co. v American Re-Ins. Co., 145 AD3d 600, 601 [1st Dept 2016]). "A trial court's disposition of a discretionary motion for change of venue will not be disturbed absent an abuse of discretion" (Blaine v International Bus. Machs. Corp., 91 AD3d at 1175 [citation omitted]; see State of New York v Konikov, 182 AD3d at 754).
In support of their motion to change the venue from Franklin County to Clinton County, defendants submitted a map of downtown Malone, showing that the subject buildings are located 0.1 mile from the Franklin County Courthouse, on the main thoroughfare leading to the courthouse. Defendants also submitted a copy of a January 2020 article in the Malone Telegram[*2], which reported on the allegations in the instant action and, among other things, identified Steinberg as the key player in the ownership of the subject buildings. The article also included quotes from present and former Malone officials, including both the current and former mayor, discussing the dangers posed by the buildings and painting Steinberg as the individual preventing them from being made safe.
In denying the motion, Supreme Court found that defendants failed to establish why the possibility of jurors passing by the buildings would prevent them from being fair and impartial, especially in light of limiting instructions the court could give at trial, and that defendants failed to prove that the article had caused any part of the jury pool of Franklin County to be so prejudiced against defendants that a fair and impartial jury could not be selected. We agree. Defendants provided nothing more than mere belief and suspicion for their argument that the potential for jurors to pass by the subject buildings would prevent them from being impartial. To that end, defendants' only proof — the map of downtown Malone — proved only the proximity between the buildings, not that passing by the subject buildings would prevent jurors from being impartial. Similarly, defendants' presentation of the single article was insufficient to establish that a change in venue was necessary, as the article was published more than two years before the scheduled trial date, was an objective overview of the parties' dispute and did not, on its own, establish that the entire jury pool of Franklin County, or even a significant portion of it, was prejudiced against defendants (see e.g. Thorne v Grubman, 21 AD3d 254, 255 [1st Dept 2005]; DeBolt v Barbosa, 280 AD2d 821, 825 [3d Dept 2001]). Accordingly, Supreme Court did not abuse its discretion in denying defendants' motion seeking a change of venue inasmuch as defendants did not "demonstrate a strong possibility that an impartial trial [cannot] be obtained" in the proper county (Blaine v International Bus. Machs. Corp., 91 AD3d at 1175; accord State of New York v Konikov, 182 AD3d at 755).
Egan Jr., J.P., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.